261 N.J. Super. 487 (1992)
619 A.2d 272
STATE OF NEW JERSEY, PLAINTIFF,
v.
ANTHONY ACCETTURO, ALSO KNOWN AS TUMAC, MICHAEL TACCETTA, THOMAS RICCIARDI, MARTIN TACCETTA, MICHAEL RYAN AND JOSEPH SODANO, DEFENDANTS.
Superior Court of New Jersey, Law Division Ocean County.
Decided November 19, 1992.
*488 Robert E. Bonpietro, Deputy Atty. Gen. for plaintiff (Robert J. DelTufo, Atty. Gen. of New Jersey, attorney).
B. Dennis O'Connor, for defendant Anthony Accetturo.
Michael Critchley, for defendant Michael Taccetta.
Harvey Weissbard, for defendant Thomas Ricciardi.
David A. Ruhnke, for defendant Martin Taccetta.

OPINION
GREENBERG, J.S.C.
Defendants, allegedly members and an associate of the Lucchese organized crime family, are charged in considerable detail with conspiracy to commit racketeering as well as various acts of racketeering, including thefts by extortion and the murder of an associate who refused to pay "tribute" to a member of the crime family by beating him to death with golf *489 clubs.[1] The State has moved for an order that the jury selected for the trial be anonymous, that is, that the names, addresses and places of employment of the jurors not be disclosed during voir dire. This opinion follows the oral determination of the motion at the conclusion of its hearing.
There is no specific authority in New Jersey in either the Rules of Court or case law for the empanelling of an anonymous jury. Customarily, jurors' identities are disclosed and to the extent that the Rules refer to the matter it is contemplated that they will be disclosed. R. 1:8-3(a) provides:
Examination of Jurors. For the purpose of determining whether a challenge should be interposed, the court shall interrogate the prospective jurors in the box after the required number are drawn without placing them under oath. The parties or their attorneys may supplement the court's interrogation in its discretion. At trials of crimes punishable by death, the examination shall be made of each juror individually, as his name is drawn, and under oath. (emphasis added).
The State contends that in the absence of any specific provision in the Rules of Court authorizing an anonymous jury, the court may order such pursuant to R. 1:1-2 which provides that the rules:
[S]hall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice. In the absence of rule, the court may proceed in any manner compatible with these purposes.
Arguably, also, since a trial court would have some discretion in the scope of voir dire during jury selection, identification of the jurors could be omitted as an exercise of that discretion in an appropriate case.
The State has not filed affidavits or introduced other evidence in support of its motion. Instead, the State relies on its brief, the indictment and facts of which the court presumably is asked to take judicial notice, such as previous court proceedings *490 involving the defendants. Based on its submission the State urges, in effect, that the defendants are dangerous individuals who will go to great lengths to obtain their ends presumably to include tampering with or otherwise intimidating the jury; that they have the means to accomplish such results; that the jury will be fearful for their safety if compelled to disclose their identities; and that the trial will attract great interest from the news media against whom the jury will need to be protected. The State notes that the use of an anonymous jury has been approved, when appropriate by the federal courts and that the voir dire of the jury is not considered to be a matter of federal constitutional dimension. United States v. Scarfo, 850 F.2d 1015 (3d Cir.1988), cert. denied, 488 U.S. 910, 109 S.Ct. 263, 102 L.Ed.2d 251 (1988). The State recognizes that in addition to the present charges and alleged criminal affiliations of the defendants, their past history is an important factor to be considered. Defendant Accetturo has a lengthy record of juvenile and adult convictions dating to 1956, including six adult convictions, one for extortion and another in 1990 for federal income tax evasion. In addition, in September 1989, despite a grant of immunity, he refused to testify before a state grand jury. He was found in contempt and incarcerated in order to induce his compliance with the order to testify. See, Matter of Grand Jury re Acceturo, 242 N.J. Super. 281, 576 A.2d 900 (App.Div. 1990). Defendant Michael Taccetta was recently paroled from prison on a federal conviction and was also convicted in 1972 of gambling conspiracy and working for an illegal lottery business. Defendant Ricciardi was convicted in 1977 of assault. Defendant Martin Taccetta was convicted in 1971 of carrying a prohibited weapon, in 1972 of a gambling offense, and in 1977 of extortion and assault. Defendant Michael Ryan was convicted in 1970 of simple assault, in 1972 of a gambling offense, in 1975 of selling untaxed cigarettes, in 1977 of simple assault and carrying a prohibited weapon, in 1978 of assault, in 1982 of simple assault, and in 1989 of a prostitution related offense.
*491 Recognizing that there would be a risk of prejudice to the defendants if an anonymous jury is utilized, the State asserts that such risk can be minimized by instructions carefully framed to avoid a belief by the jury that the anonymous procedure is extraordinary or that it reflects adversely on the defendants. It is difficult to conceive of instructions which could be truthful and efficacious in this regard. In the federal courts the instructions which have been utilized have sought to assure jurors that no unusual procedure is being followed and they have stressed the desirability of insulating the jury from inquisitive news media people while studiously avoiding the actual reason for the procedure. Thus, as noted in United States v. Tutino, 883 F.2d 1125, 1133 (2d Cir.1989), cert. denied, 493 U.S. 1081, 110 S.Ct. 1139, 107 L.Ed.2d 1044 (1990), the trial court had told the prospective jurors, "It is a common practice followed in many cases in the Federal court to keep the names and identities of the jurors in confidence. This is in no way unusual. It is a procedure being followed in this case." Obviously such an instruction would not be accurate in a state court trial in New Jersey. Also, while publicity by the news media may be a factor in determining whether to select an anonymous jury, see, e.g., United States v. Persico, 621 F. Supp. 842, 879 (S.D.N.Y. 1985), aff'd, 832 F.2d 705 (2d Cir.1987), cert. denied, 486 U.S. 1022, 108 S.Ct. 1995, 100 L.Ed.2d 227 (1988), many cases are the subject of intense pretrial publicity to a substantially greater degree than the present case. Many trials are also widely covered by the news media. Jurors would not be so naive as to believe that news media coverage would be the reason for their anonymity.
Defendants contend that the facts advanced by the State do not support the request for an anonymous jury and further, that an anonymous jury would violate their rights under the New Jersey Constitution to trial by a fair and impartial jury as well as the presumption of innocence. No doubt the potential for prejudice against the defendants would exist were an anonymous jury empanelled. It would not be the anonymity itself, *492 but rather the novelty of the procedure which would give rise to the prejudice. Thus, in United States v. Scarfo, the court stated:
[I]t is interesting to speculate that if the judge had not made a point of discussing anonymity, the jurors might have simply assumed that to be the normal procedure. Those who never before served on a jury could have concluded that identification by number was standard in all criminal cases. The anonymity feature, therefore, is not intrinsically suggestive of any inference of guilt.
United States v. Scarfo, 850 F.2d at 1026. Experience tells us, however, that in any given jury panel there will be some and perhaps many persons who have previously served on criminal jury panels and who, therefore, will wonder and speculate about the matter of anonymity.
Apart from the question of prejudice arising because of the effects on the minds of the jurors, we must also consider the effect on a meaningful voir dire. Experience also tells us that information as to the identity and occupation of a prospective juror can lead counsel to request supplemental questions on voir dire as well as to the exercise of challenges, peremptory or for cause.
The question to be determined is whether, assuming the authority for an anonymous jury, the facts and circumstances in its support exist and if so, whether they outweigh any prejudice and other disadvantages which would arise. In the absence of specific state law on the subject, the State relies upon federal cases in its argument. Accepting these cases as setting forth the appropriate standards, it is concluded that the tests required to be satisfied have not been met and that, therefore, an anonymous jury is not appropriate in this case. In the case of United States v. Thomas, 757 F.2d 1359, 1365 (2d Cir.1985), cert. denied, 474 U.S. 819, 106 S.Ct. 66, 88 L.Ed.2d 54 (1985), the court stated that the basic standard for determining when the use of an anonymous jury is proper is where there is a strong reason to believe that the jury needs protection. Recently in United States v. Vario, 943 F.2d 236 (2d Cir.1991), the court stated:

*493 An obstruction of justice charge, particularly one involving jury tampering, has always been a crucial factor in our decisions regarding anonymous juries. See, e.g., United States v. Tutino, 883 F.2d 1125, 1132-33 (2d Cir.1989) (history of jury tampering attempt when coupled with defendant's serious criminal records, was sufficient to justify the empaneling of an anonymous jury); Thomas, 757 F.2d at 1365 (justifying anonymous jury because of "strong evidence of defendants' past attempts to interfere with the judicial process, and [because] defendants were alleged to be a part of a group that possessed the means to harm jurors.")
Id. at 240. While the defendants in this case cannot be called the paragons of virtue, none of their convictions involve jury tampering or other conduct related to obstruction of justice. Moreover, no evidence has been presented that any of the defendants have engaged in such conduct in the past or that they plan to do so in the present case. In fact, defendants state (and apparently the State does not dispute) that they were all defendants in a federal racketeering trial which took place from November 1986 until August 1988, at which time all were acquitted; that the government did not seek an anonymous jury in that case; and that there were no incidents of jury tampering or other similar problems with the jury during those proceedings. While defendant Accetturo's refusal to testify before a state grand jury could be said to in a sense have impeded or obstructed the legal process, it was not in any way similar to the type of conduct which would be involved in tampering with or otherwise threatening or intimidating jurors. The court in Vario, supra, stressed that a mere connection with organized crime is not sufficient to warrant an anonymous jury. The court stated:
Before a district judge may rely on the organized crime connection of a defendant as a factor in the question of anonymous juries, he must make a determination that this connection has some direct relevance to the question of juror fears or safety in the trial at hand, beyond the innuendo that this connection conjures up.
United States v. Vario, 943 F.2d at 241. It is concluded that the facts presented do not support the request for an anonymous jury. In view of this conclusion, the constitutional arguments raised by defendants need not be addressed. A court should not undertake to decide a constitutional question unless *494 it is essential to do so in the disposition of litigation. Grant v. Wright, 222 N.J. Super. 191, 197, 536 A.2d 319 (App.Div. 1988).
Accordingly, the motion for an anonymous jury is denied.
NOTES
[1] The case against defendant Sodano was disposed by entry of a guilty plea.